**LANDVER LAW CORPORATION, APC**
   Alina Landver (SBN 231077)
8200 Wilshire Boulevard, PH Suite 400
Beverly Hills, California 90211
Tel: (310) 461-3737
Fax: (310) 461-3736
Email: alina@landverlaw.com

**KEENER AND ASSOCIATES, P.C.**
   Kevin Keener (*pro hac vice pending*)
161 North Clark Street, Suite 1600
Chicago IL 60601
Tel: (312) 523-2164
Email: kevin.keener@keenerlegal.com

Attorneys for Plaintiff
CHARNIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARNIS, a California Corporation,<br><br>           Plaintiff,<br>  vs.<br><br>SKULLCANDY, INC., a Delaware Corporation,<br><br>           Defendant. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Charnis, complaining of the defendant herein, respectfully shows to this Court, and alleges as follows:

## THE PARTIES

1. Plaintiff Charnis DBA CandyWirez, ("Plaintiff") is a California Corporation with its principal place of business located at 11040 Santa Monic Blvd. Suite #220, Los Angeles, California 90025.

2. Defendant Skullcandy, Inc. ("Defendant") is a Delaware Corporation with its principal place of business located at 6301 North Landmark Drive, Park City, Utah 84098.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. §§ 2201 and 2202.

4. Upon information and belief, Defendant is subject to personal jurisdiction in this Court, because Defendant operates its business in this judicial district, and has continuously and systematically transacted business and supplied goods and services directed to consumers residing in this judicial district, including to some extent using the challenged marks at issue in this judicial district. Furthermore, Defendant affirmatively reached out and performed acts in this jurisdiction with respect to the trademark at issue. Upon information and belief, Defendant regularly and continuously transacts business in the Central District of California, is continuously engaged in substantial and not isolated activity within the Central District of California, and has otherwise engaged in conduct sufficient to subject Defendant to the personal jurisdiction of this Court in accordance with due process.

5. Defendant has purposefully availed itself of the benefit of this State and judicial district, such that maintenance of suit in this judicial district would not violate due process.

6. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

7. Plaintiff further demands a trial by jury in all matters triable by a jury.

## FACTUAL BACKGROUND

8. Plaintiff is a mobile phone accessories company that designs and distributes fashion-forward and art-inspired products. Plaintiff's products include power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors.

9. Plaintiff markets and distributes its products under the mark CANDYWIREZ.

10. Plaintiff's use of the CANDYWIREZ mark includes selling products through Amazon.com with an account name of CANDYWIREZ and through its own website at www.candywirez.com.

11. Plaintiff owns U.S. Trademark Registration No. 4,878,294 for the mark CASE STUDY BY CANDYWIREZ for "cell phone cases; protective cases for smartphones; protective covers for smartphones" and U.S. Trademark Registration No. 5,135,714 for the mark CANDYWIREZ for "cases for mobile phones; Cell phone battery chargers; Cell phone battery chargers for use in vehicles; Screen protectors comprised of tempered glass adapted for use with portable electronic devices; USB cables; USB charging ports; Carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld digital electronic devices, namely, cell phones." (collectively "CANDYWIREZ Registrations").

12. Plaintiff owns U.S. Trademark Application Serial No. 87456741 for the stylized mark candy///irez for "carrying cases for cell phones; Cases adapted for mobile phones; Cases for mobile phones; Cell phone battery chargers; Cell phone cases; Cell phone covers; Earbuds; Electric charging cables; Micro USB cables;

Mobile phone cases featuring rechargeable batteries; Rechargeable batteries; Screen protectors comprised of tempered glass adapted for use with portable electronic devices; USB cables; Wireless ear buds." ("CANDYWIREZ Application").

13. On December 27, 2017 Defendant filed a Notice of Opposition against the CANDYWIREZ Application at the United States Patent and Trademark Office ("USPTO") before the Trademark Trial and Appeal Board ("TTAB"). The TTAB proceeding was assigned Proceeding No. 91238628 ("the Opposition Proceeding"). A true and accurate copy of the Notice of Opposition is attached as Exhibit 1.

14. Upon information and belief, Defendant owns four U.S. Trademark Registrations for the mark SKULLCANDY, including:

– U.S. Trademark Registration No. 3,168,695 for "devices for hands-free use of mobile phones; earphones; headphones in Class 9," U.S. Trademark Registration No. 3,726,304 for "retail store services, kiosks and online retail store services featuring devices for hands-free use of mobile phones, digital audio players, digital phones, earphones, headphones, MP3 players, portable listening devices, namely, MP3 players, portable media players, covers for portable media players, digital phones, earphones, and headphones, protective helmets, sacks or bags, namely, backpacks, messenger bags, all purpose sports and athletic bags, clothing and headwear, namely, tshirts, sweatshirts, * and * hats in Class 35,"

– U.S. Trademark Registration No. 4,622,094 for "audio speakers; portable speakers; speaker docks; dock speakers for mobile audio players; headsets for use with computers; audio equipment for use in connection with helmets, namely, speakers, headphones, earphones, and microphones that can be attached to or integrated into a helmet; cases for mobile phones and cell phones in Class 9," "headsets for use with game consoles and video games; audio and visual headsets for use in

playing video games; gaming headsets adapted for use in playing video games in Class 28," and "custom design of products based on personal selections made by consumers, namely, devices for hands-free use of mobile phones, earphones, headphones, portable speakers, headsets for use with computers, game consoles and video games; custom design of products, namely, devices for hands-free use of mobile phones, earphones, headphones, portable speakers, headsets for use with computers, game consoles and video games based on personal selections made by consumers through the temporary use of a web-based software application in Class 42"

– U.S. Trademark Registration No. 5,215,305 for "musical sound recordings, audiovisual recordings featuring music, downloadable music and audiovisual recordings featuring music, video recordings featuring music and musical artists, digital music downloadable via the Internet and mobile applications in Class 9."

(collectively "SKULLCANDY Registrations").

15. Upon information and belief, Defendant owns U.S. Trademark Registration No. 4,049,486 for the mark ICANDY for "headphones; earphones" (hereafter "ICANDY Registration").

16. Defendant asserted in the Opposition Proceeding that there was a likelihood of confusion between Plaintiff's CANDYWIREZ mark and the SKULLCANDY Registrations.

17. Defendant asserted in the Opposition Proceeding that there was a likelihood of confusion between Plaintiff's CANDYWIREZ mark and the ICANDY Registration.

18. On Tuesday January 22, 2019, counsel for Plaintiff and counsel for Defendant communicated via telephone regarding the legal interests of each party. During the phone call counsel for Defendant informed counsel for Plaintiff that

COMPLAINT FOR DECLARATORY JUDGMENT

Defendant "has not ruled out" federal trademark litigation against Plaintiff for Plaintiff's use of the CANDYWIREZ mark.

19. Defendant has a history of suing those with applications it is opposing before the TTAB in federal court for trademark infringement. This history is known to Plaintiff. In 2012 Defendant opposed the application for the mark SKULLBREAKER before the TTAB which was assigned proceeding number 91203081. Defendant filed a complaint for trademark infringement against the other party in this proceeding on September 18, 2012 in the Central District of California and captioned *Skullcandy, Inc. v. Zeikos, Inc., et al.*, Case No. SACV12-1572 AG(JPRx). A true and accurate copy of Defendant's Motion to Suspend Opposition Proceeding No. 91203081 with the complaint for *Skullcandy, Inc. v. Zeikos, Inc. et al.* is attached as Exhibit 2.

20. Under all of the circumstances, there a substantial controversy between Plaintiff and Defendant. Plaintiff and Defendant have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT ONE

**(Seeking a Declaration that Plaintiff Does Not Infringe – 15 U.S.C. § 1114)**

21. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

22. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors. Plaintiff and Defendant have adverse interests in the subject matter of the dispute.

23. Plaintiff seeks a declaratory judgment that its past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under its CANDYWIREZ Mark does not infringe and at all times has never infringed, any existing and valid U.S. Trademark registration owned by

the Defendant under the Lanham Act, 15 U.S.C. § 1114, including, but not limited to, the SKULLCANDY Registrations and the ICANDY Registration.

## COUNT TWO

**(Seeking a Declaration that Plaintiff Does Not Unfairly Compete – 15 U.S.C. § 1125(a))**

24. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

25. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors. Plaintiff and Defendant have adverse interests in the subject matter of the dispute.

26. Plaintiff seeks a declaratory judgment that its past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under its CANDYWIREZ Mark is not likely to cause confusion, mistake or deception as between the source, association, or affiliation of the products, services or businesses and does not unfairly compete with Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

27. Plaintiff seeks a declaratory judgment that its past and any future sales of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under its CANDYWIREZ Mark does not infringe and has not infringed upon any existing and valid trademarks owned by Defendant, and has not caused any injury to Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT THREE

**(Seeking a Declaration that Plaintiff's CANDYWIREZ Mark does not dilute Defendant's Trademarks)**

28. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

29. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors. Plaintiff and Defendant have adverse interests in the subject matter of the dispute.

30. Plaintiff seeks a declaratory judgment that its past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under its CANDYWIREZ Mark does not and will not dilute Defendant's SKULLCANDY Registrations or ICANDY Registration under the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT FOUR

**(Seeking a Declaration that Plaintiff Does Not Infringe Common Law Trademark Rights)**

31. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

32. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors. Plaintiff and Defendant have adverse interests in the subject matter of the dispute.

33. Plaintiff seeks a declaratory judgment that its past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under its CANDYWIREZ Mark does not infringe and at all times has never infringed, any existing common law trademark rights (whether of California or any other jurisdiction as this Court may determine is applicable) owned by Defendant, including but not limited to the mark SKULLCANDY and the mark ICANDY.

## COUNT FIVE

**(Seeking a Declaration that Plaintiff Does Not Unfairly Compete with Defendant Under Common Law)**

34. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

35. A real and actual controversy exists between the parties as to the parties' legal rights to sell, market and advertise power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors. Plaintiff and Defendant have adverse interests in the subject matter of the dispute.

36. Plaintiff seeks a declaratory judgment that its past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under its CANDYWIREZ Mark does not and will not unfairly compete under common law (whether of California or any other jurisdiction as this Court may determine is applicable) with Defendant.

## COUNT SIX

### (Cancellation of Federal Trademark Registration No. 4,049,486- 15 U.S.C. § 1064)

37. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

38. Plaintiff seeks cancellation of Trademark Registration No. 4,049,486 under 15 U.S.C. § 1064.

39. Defendant's ICANDY Registration covers "headphones; earphones."

40. Plaintiff performed research and could not locate any use of the mark ICANDY attributable to Defendant.

41. Plaintiff found use of the ICANDY mark in connection with "headphones; earphones" by third parties.

42. Upon information and belief, Defendant has ceased using the ICANDY mark in relation with "headphones; earphones."

43. Alternatively, upon information and belief, Defendant has acquiesced to the unlicensed use of the ICANDY Registration by unrelated third parties to the point that Defendant has abandoned the ICANDY Registration.

44. Alternatively, upon information and belief, Defendant has entered into naked licensing of the ICANDY Registration with unrelated third parties and has not monitored the use of the ICANDY Registration by third parties or controlled the quality of the products on which third parties use the ICANDY mark to the point that Defendant has abandoned the ICANDY Registration.

45. Upon information and belief, Defendant has abandoned the ICANDY Registration without intent to resume use of the ICANDY Registration.

46. Trademark Registration No. 4,049,486 should be cancelled due to abandonment of the ICANDY Registration by Defendant.

47. Third-Party Defendants seek a declaration cancelling the Trademark Registration No. 4,049,486.

## COUNT SEVEN

### (Cancellation of Federal Trademark Registration No. 3,726,304- 15 U.S.C. § 1064)

48. Plaintiff herein repeats, realleges and reiterates each and every allegation as set forth in Paragraphs 1 through 20 as if fully set forth herein.

49. Plaintiff seeks cancellation of Trademark Registration No. 3,726,304 under 15 U.S.C. § 1064.

50. On January 2, 2016 Defendant filed a Section 8 renewal for Trademark Registration No. 3,726,304.

51. As part of the renewal, Defendant declared under oath that the SKULLCANDY mark "is in use in commerce on or in connection with the following goods or services listed in the existing registration for this specific class; or, the owner is making the listed excusable nonuse claim: Retail store services, kiosks and online retail store services featuring devices for hands-free use of mobile phones, digital audio players, digital phones, earphones, headphones, MP3 players, portable listening devices, namely, MP3 players, portable media players, covers for portable media players, digital phones, earphones, and headphones, sacks or bags,

namely, backpacks, messenger bags, all purpose sports and athletic bags, clothing and headwear, namely, t-shirts, sweatshirts and hats."

52. Defendant intended for the USPTO to rely on this statement made by Defendant when it renewed the registration for Trademark Registration No. 3,726,304.

53. The USPTO relied on this statement made by Defendant when it renewed the registration for Trademark Registration No. 3,726,304.

54. Upon information and belief Defendant was no longer using the SKULLCANDY mark on MP3 players prior to filing the renewal on January 2, 2016. Defendant filed a Section 8 and Section 15 renewal of the mark SKULLCANDY for Trademark Registration No. 3,168,695 on November 7, 2012. Under this renewal Defendant deleted "Digital audio players; Digital phones; MP3 players; Portable listening devices, namely, MP3 players; Portable media players" from Trademark Registration No. 3,168,695.

55. Defendant committed fraud on the USPTO when it filed the Section 8 renewal for Trademark Registration No. 3,726,304 and made the statement that it was using the SKULLCANDY mark on "in use in commerce on or in connection with… Retail store services, kiosks and online retail store services featuring … MP3 players, portable listening devices, namely, MP3 players, portable media players..."

56. Trademark Registration No. 3,726,304 should be cancelled due to the fraud perpetuated by Defendant.

57. Plaintiff seeks a declaration cancelling Trademark Registration No. 3,726,304.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for a declaratory judgment that:

(1) Any past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under Plaintiff's CANDYWIREZ Mark by Plaintiff does not infringe and at all times has never

infringed, any existing and valid U.S. Trademark registration owned by the Defendant under the Lanham Act, 15 U.S.C. § 1114, including, but not limited to, Defendant's SKULLCANDY Registrations or ICANDY Registration.

(2) Any past and any future sales of Any past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under Plaintiff's CANDYWIREZ Mark by Plaintiff does not infringe and has not infringed upon any existing and valid trademarks owned by Defendant, and has not caused any injury to Defendant under the Lanham Act, 15 U.S.C. § 1125(a);

(3) Any past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under Plaintiff's CANDYWIREZ Mark by Plaintiff does not infringe and at all times has never infringed, any common law trademark rights owned by Defendant;

(4) Plaintiff has not and will not unfairly compete with Defendant by selling power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under Plaintiff's CANDYWIREZ Mark;

(5) Any past and any potential future sale of power cables, power banks, wireless chargers, earphones, earbuds, and screen protectors under Plaintiff's CANDYWIREZ Mark by Plaintiff will not dilute any trademark registration owned by Defendant pursuant to 15 U.S.C. § 1125(c);

(6) Defendant, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from instituting, prosecuting or threatening any action against Plaintiff, its affiliates or anyone in privity with it, in connection with the SKULLCANDY Registrations or the ICANDY Registration;

(7) The Court enter Judgment that the Trademark Registration Trademark No. 4,049,486 is cancelled, pursuant to 15 U.S.C. § 1064;

(8) The Court enter Judgment that the Trademark Registration Trademark No. 3,726,304 is cancelled, pursuant to 15 U.S.C. § 1064;

(9)     The Court grant Plaintiff any such other and further relief as this Court seems, just, proper and equitable under the facts and circumstances presented herein.

Dated: January 31, 2019

Respectfully submitted,

By:   /s/ Alina Landver
      Alina Landver
      California Bar # 231077
      Landver Law Corporation APC
      8200 Wilshire Boulevard, PH Suite 400
      Beverly Hills, California 90211
      Tel: (310) 461-3737
      Fax: (310) 461-3736
      Email: alina@landverlaw.com


By:   /s/Kevin Keener
      Kevin Keener (IL Bar No. 6296898)
      *Pro Hac Vice*
      161 North Clark Street, Suite 1600
      Chicago, Illinois 60601
      Tel: (312) 523-2164
      Email: kevin.keener@keenerlegal.com

*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY JUDGMENT